695 So.2d 490 (1997)
R.P., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 96-1662.
District Court of Appeal of Florida, Fourth District.
June 11, 1997.
*491 Richard L. Jorandby, Public Defender, and David McPherrin, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ettie Feistmann, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, Judge.
R.P., a juvenile, appeals from a disposition order adjudicating him guilty of petit theft and committing him to the Department of Juvenile Justice "for an indefinite period but no longer than the child's nineteenth (or twenty-first for SHO) birthday or the maximum term of imprisonment an adult may serve, whichever comes first." We reverse and remand for the trial court to correct the disposition order as the commitment should have been specifically limited to no more than sixty days which is the maximum term an adult can serve for the same offense. See M.S. v. State, 675 So.2d 215 (Fla. 4th DCA 1996) (order committing juvenile to a level 8 program for "an indeterminate period of time, not longer than: a) nineteenth birthday; b) the maximum sentence allowable by law ..." should have specified a commitment for one year, the maximum sentence for simple battery, so his sentence would not be construed as running until his nineteenth birthday); A.S. v. State, 677 So.2d 1002 (Fla. 4th DCA 1996) (recognizing that a correction was needed in a disposition order that was ambiguous regarding the maximum allowable sentence for misdemeanor battery, and that in accordance with M.S. the term of the sentence should be set out specifically to avoid confusion).
KLEIN and PARIENTE, JJ., concur.